UNITED STATES of America; State of California, ex rel.; John Dale Hansen, Plaintiffs—Appellants,

v.

CARGILL, INC.; Leslie Salt Co.; Real Estate Dynamics, Inc.; Craig D. Hungerford; Does, 1 through 20, Inclusive, Defendants—Appellees.

No. 00–16590.

D.C. No. CV–98–04367–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 22, 2002.

Before HUG, D.W. NELSON and HAWKINS, Circuit Judges.

## MEMORANDUM *

Appellant ("Hansen") appeals the dismissal of his *qui tam* complaint against Appellees ("Cargill") for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The defendants moved to dismiss Hansen's complaint in district court pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction because the "public disclosure" bar of the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A), had been triggered. The district court found that there had been public disclosure of allegations substantially similar to those in Hansen's complaint. The court then determined that Hansen did not qualify for the "original source" exception to the public disclosure bar because Hansen did not have "direct knowledge" of the alleged fraud. Because the public disclosure bar had been triggered and Hansen did not qualify for the original source exception, the district court dismissed Hansen's complaint for lack of subject matter jurisdiction.

We review dismissal for lack of subject matter jurisdiction pursuant to the public disclosure bar in *qui tam* complaints *de novo*. *A–1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1242 (9th Cir.), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1833, 146 L.Ed.2d 777 (2000). The question of whether a particular disclosure triggers the jurisdictional bar of the FCA is a mixed question of law and fact, reviewed *de novo*. *Id.* at 1243. The district court's findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error. *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1017 (9th Cir.1999).

We conclude that because prior disclosures in the news media were substantially similar to the allegations in Hansen's complaint the public disclosure bar was triggered. *United States ex rel. Lujan v. Hughes Aircraft Co.*, 162 F.3d 1027, 1032 (9th Cir.1998). We also conclude that because Hansen did not have firsthand knowledge of the alleged fraud, obtained through his own labor unmediated by anything else, the district court's determination that Hansen was not an original source was correct. *Alcan*, 197 F.3d at 1020.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We also conclude that the district court did not err in denying an oral hearing or in not applying the standards for a summary judgment in deciding this jurisdictional motion. *See Thornhill Publishing Co. v. General Telephone & Electronics Corporation,* 594 F.2d 730, 733 (9th Cir.1979).

AFFIRMED.